IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| Amie Kuchar Bassiouny and Mohamed Bassiouny, | Civil Action No.: 7:16-cv-407 |
| Plaintiffs, | |
| v. | **COMPLAINT** |
| General Motors LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

For this Complaint, the Plaintiffs, Amie Kuchar Bassiouny and Mohamed Bassiouny, by undersigned counsel, states as follows:

## INTRODUCTION

1. This is an action by the purchaser of a 'lemon' 2015 Chevrolet Corvette for damages related to defects in the automobile and Defendant's wrongful failure to honor the terms of the warranty.

## JURISDICTION

2. This Court has jurisdiction over this matter pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

3. In addition, this Court has jurisdiction over this matter pursuant to the Magnuson-Moss Federal Act, 15 U.S.C. § 2310(d)(1)(B), in that the Plaintiffs claim more than $50,000.00 in damages, exclusive of interest and costs, and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

4. Personal jurisdiction and venue in this district are proper pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and the vehicle subject of this lawsuit has been purchased in this District.

**PARTIES**

5. The Plaintiffs Amie Kuchar Bassiouny ("Ms. Bassiouny") and Mohamed Bassiouny ("Mr. Bassiouny") are individuals residing in North Myrtle Beach, South Carolina.

6. Defendant General Motors LLC (hereafter the "Manufacturer," and/or "Defendant") is a business entity with a principal place of business at 300 Renaissance Center, Detroit, Michigan 48232-5170. The Manufacturer is in the business of marketing, supplying, and selling motor vehicles accompanied by written warranties to the public at large through a system of authorized dealerships.

**STATEMENT OF FACTS**

7. On March 2, 2015, the Plaintiffs visited Jeff Gordon Chevrolet located at 228 South College Road, Wilmington, North Carolina, an authorized dealership of General Motors LLC (hereafter "Jeff Gordon") and agreed to purchase a new 2015 Chevrolet Corvette, Vehicle Identification Number 1G1YK2D78F5115255 (the "Vehicle") from Jeff Gordon for private use.

8. The total price of the Vehicle was $79,179.12 including options, fees, taxes, and finance charges.

9. The legal fees in this matter are likely to equal or exceed $25,000.00.

10. At the time Plaintiffs purchased the Vehicle, Jeff Gordon made representations as to the Vehicle's performance and quality and assured the Plaintiffs that it was a new vehicle free from defects of workmanship.

11. Thereafter, continuing defects and problems have plagued the Vehicle.

12. Since the time of Vehicle delivery, the Vehicle has been suffering from a substantial nonconformity for over 30 days and has been subject to at least seven (7) repairs.

13. On July 8, 2015, Myrtle Beach Chevrolet, Inc. d/b/a Myrtle Beach Cadillac an authorized dealership of General Motors, LLC (hereafter "Myrtle"), accepted the Vehicle for repair.

14. At that time, the Vehicle's odometer read 3,921.

15. Mr. Bassiouny complained that the Vehicle shook when driven above 70 miles per hour and its steering felt soft as if it was not gripping.

16. Upon information and belief, Myrtle verified the complaint and attempted a repair by balancing the wheels.

17. Myrtle informed Plaintiffs that the Vehicle was ready to be picked up on July 10, 2015. The vehicle was out of service for two (2) days.

18. On July 20, 2015, Myrtle accepted the Vehicle for repair.

19. At that time, the Vehicle's odometer read 4,284 miles.

20. Mr. Bassiouny complained that the Vehicle still shook when driven above 70 miles per hour.

21. Upon information and belief, Myrtle verified the complaint and informed Mr. Bassiouny that the Vehicle needed a new wheel and tire which Manufacturer would not replace under warranty and for which Plaintiffs had to pay.

22. Mr. Bassiouny refused to pay for the repair.

23. The Vehicle was ready to be picked up on July 24, 2015.

24. On or about November 9, 2015, Myrtle accepted the Vehicle for repair.

25. At that time, the Vehicle's odometer read 6,676 miles

26. Mr. Bassiouny brought the Vehicle in due to Vehicle vibrating when driven above 70 miles per hour and brought a new wheel and tire for Myrtle to install.

27. Myrtle installed the new wheel and tire.

28. The Vehicle was ready to be picked up on the same day.

29. On or about December 21, 2015, Myrtle accepted the Vehicle for repair.

30. At that time, the Vehicle's odometer read 7,351 miles.

31. Mr. Bassiouny complained that the Vehicle shook at 70 miles per hour, that the Vehicle vibrated at all times including when idling and braking, that the Vehicle pulled to the right when driven, and that the driver seat moved back and forth.

32. Myrtle verified the complaint and attempted a repair by measuring the front brake lateral run out, adjusting caster to factory specifications, and putting the seat clip back into position.

33. Myrtle informed Plaintiffs that the Vehicle was ready to be picked up on December 21, 2015.

34. On or about December 23, 2015, Myrtle accepted the Vehicle for repair.

35. At that time, the Vehicle's odometer read 7,495 miles.

36. Mr. Bassiouny complained for the fourth time that the Vehicle shook at 70 miles per hour, and that the Vehicle vibrated at all times including when idling and braking.

37. Myrtle verified the complaint and attempted a repair by replacing the water pump and torque converter.

38. Myrtle informed Plaintiffs that the Vehicle was ready to be picked up on January 5, 2016.

39. Pursuant to North Carolina Lemon Law, Plaintiffs, through their counsel, sent a notice of a final cure attempt to the Manufacturer.

40. In response to the Manufacturer's request for a final cure attempt, Plaintiffs brought the Vehicle to Myrtle on or about February 9, 2016, complaining of shaking and vibration.

41. At that time, the Vehicle's odometer read 8,321 miles.

42. Myrtle verified the complaint and replaced the Vehicle's transmission.

43. Myrtle informed Plaintiffs that the Vehicle was ready to be picked up on February 16, 2016.

44. On or about March 17, 2016, Myrtle accepted the Vehicle for repair

45. At that time, the Vehicle's odometer read 9,489 miles.

46. Mr. Bassiouny complained that the Vehicle still shook when hitting the brakes and vibrated at 70 miles per hour, that the Vehicle's steering felt loose, and that transmission jumped when put in reverse gear.

47. Myrtle verified the shaking complaint and attempted a repair by replacing all four brake rotors.

48. In total, the Vehicle has been subject to repair for the same nonconformity on at least four occasions and the same nonconformity continued to exist following Manufacturer's last cure attempt.

49. The defects experienced by the Plaintiffs continue to substantially impair the use, value and safety of the Vehicle.

50. Plaintiffs provided Defendant or one or more of its authorized or franchised dealers with a reasonable opportunity to repair the problems with the defective Vehicle within the lemon law period.

51. Defendant has neglected, failed, refused or otherwise been unable to repair the substantial impairments to the Vehicle within a reasonable amount of time or reasonable number of attempts.

### COUNT I
### Magnuson-Moss Federal Act, 15 U.S.C. § 2301, *et seq*.

52. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. Each Plaintiff is a "consumer" as defined in 15 U.S.C. § 2301(3).

54. The Defendant is a "supplier" and "warrantor" as defined in 15 U.S.C. § 2301(4) & (5).

55. The Vehicle is a "consumer product" as defined in 15 U.S.C. § 2301(1). 15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

56. 15 U.S.C. § 2304(a)(1) requires the Defendant, as warrantor, to remedy any defect, malfunction or nonconformance of the Vehicle within a reasonable time and without charge to Plaintiffs.

57. Despite repeated demands and despite the fact that the Plaintiffs have complied with all reasonable terms and conditions imposed on them by the Defendant, the Defendant has failed to remedy the defects within a reasonable time, thereby, breaching the written and implied warranties applicable to the subject the Vehicle.

6

58. As a result of the Defendant's breaches of written and implied warranties, and Defendant's failure to remedy the same within a reasonable time, the Plaintiffs have suffered damages.

## COUNT II
### Violation of the North Carolina New Vehicle Lemon Law, N.C.G.S.A. § 20-351, *et seq.*

59. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. Each Plaintiff is a "consumer" as defined in N.C. Gen. Stat. Ann. § 20-351.1(1). At all times relevant hereto the Vehicle was a "motor vehicle" and "new Motor vehicle" for purposes of N.C. Gen. Stat. Ann. § 20-351.1(3) & (4).

61. During the first two years or 24,000 miles of operation, the Vehicle has been in repair four or more times plus a "final cure attempt" for the same substantial nonconformity as described above, but the nonconformity continued to exist.

62. During the first two years or 24,000 miles of operation, the Vehicle has been out of service for at least 30 days plus a "final cure attempt" due to substantial nonconformities as described above, but the nonconformity continued to exist.

63. The defects in the Plaintiffs' Vehicle substantially impair its use, value and safety to the Plaintiffs.

64. Manufacturer and its agents have had a reasonable number of attempts at repair and have failed to correct the non-conformities in the Vehicle.

65. The Plaintiffs have complied with all the requirements of North Carolina Lemon Law, including the requirement that the Manufacturer be notified by certified mail, return receipt requested, of nonconformities in the Vehicle.

## COUNT III
## Breach of Express Warranties

66. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. In connection with the purchase, the Defendant expressly warranted that, among other things:

   a. The Vehicle was fit for the ordinary purposes of safe, reliable and attractive transportation;

   b. The Vehicle was of good, sound and merchantable quality;

   c. The Vehicle was free from defective parts and workmanship;

   d. The Vehicle was so engineered and designed as to function without requiring unreasonable maintenance and repairs;

   e. In the event the Vehicle was not free from defective parts or workmanship as set forth above, the Defendant would repair or replace same without cost to Plaintiffs; and

   f. Any defects or non-conformities would be cured within a reasonable time.

68. The Defendant breached these express warranties in that the Vehicle is plagued by problems.

69. The Plaintiffs have given the Defendant reasonable opportunities to cure said defects and make the subject Vehicle fit for its intended purpose but the Defendant has been unable and/or refused to do so within a reasonable time.

70. As a result of said nonconformities, the Plaintiffs have been damaged.

## COUNT IV
## Implied Warranty of Merchantability

71. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

72. The Defendant is a merchant with respect to motor vehicles.

73. An implied warranty that the Vehicle was merchantable arose by operation of law as part of the purchase of the Vehicle.

74. The Defendant breached the implied warranty of merchantability where the Vehicle was not in merchantable condition when sold or at any time thereafter and unfit for the ordinary purposes for which such vehicles are used.

75. The Plaintiffs notified the Defendant through its authorized dealership of the defects in the Vehicle within a reasonable time after the Plaintiffs discovered the breach.

76. As a result of the Defendant's breaches of the implied warranty of merchantability, the Plaintiffs have suffered damages, including but not limited to incidental and consequential damages.

77. As a result of said violation the Plaintiffs have been damaged.

## COUNT V
**Violation of the NC Unfair Trade Practices Act, N.C.G.S.A. § 75-1.1, *et seq.***

78. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

79. The sale of the Vehicle to the Plaintiffs under the guise that it was free from defects that would substantially impair the use, safety, or value of the Vehicle represents an unlawful or deceptive trade practice under N.C. Gen. Stat. § 75-1.1.

80. The Defendant violated N.C. Gen. Stat. § 75-1.1 in one or more of the following ways:

   a. Making of fraudulent and/or negligent representations, as herein before alleged;

   b. Representing the subject Vehicle to be of good, merchantable quality, free of defects, when in fact it was not;

    c. Representing that the repairs could be performed properly, within a reasonable time, when Defendant knew or, in the exercise of reasonable care, should have known that this was not the case;

    d. Failing to reveal material facts including but not limited to the nature of the nonconformities and defects complained of herein; and

    e. Failing to offer a refund of the purchase price of the subject vehicle in accordance with the applicable warranties.

81. The Defendant is in the business of selling private automobiles and therefore the violations are likely to affect the general public, now and in the future.

82. The Defendant violated the law willfully and knowingly.

83. Plaintiffs are entitled to damages as a result of the Defendant's violations.

## COUNT VI
### Revocation of Acceptance under the NC Uniform Commercial Code, N.C.G.S.A. § 25-2-608, *et seq.*

84. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

85. Plaintiffs reasonably assumed, and Defendant represented, that all of the aforesaid defects would be cured within a reasonable time.

86. After numerous attempts by Defendant to cure, it has become apparent that said defects cannot be seasonably cured.

87. The defects substantially impair the use, safety and value of the Vehicle.

88. The Plaintiffs have previously notified Defendant of said defects and of Plaintiffs' intent to revoke acceptance and demand a replacement vehicle pursuant to North Carolina Lemon Law.

10

89. Defendant has nevertheless refused to accept return of the Vehicle and has refused to provide Plaintiff with a replacement Chevrolet Corvette.

90. As a result of said refusal the Plaintiffs have been damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs respectfully pray that judgment be awarded in the Plaintiffs' favor and against the Defendant as follows:

1. Replacement motor vehicle pursuant to North Carolina Lemon Law;
2. Money damages in the form of a refund of the full contract price, including, a refund of all payments made by Plaintiffs on the subject contract, taxes, license fees, registration fees, insurance premiums, interests, and costs;
3. Incidental damages and consequential damages;
4. Treble damages;
5. Reasonable attorneys' fees; and
6. Such other and further relief as this Court deems just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: December 9, 2016

        Respectfully submitted,

        By: _/s/ Ruth M. Allen_

        Ruth M. Allen, Esq.
        Bar Number: 34739
        7413 Six Forks Road, Suite 326
        Raleigh, NC 27615
        Email: rallen@lemberglaw.com
        Telephone: (855) 301-2100 Ext. 5536
        Facsimile: (888) 953-6237
        Attorney for Plaintiff

        Of Counsel To:

Sergei Lemberg, Esq.
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

12